

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
JOHN ALEXANDERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable William J. Lawson
Secretary of State
Austin, Texas

Dear Mr. Lawson:                    Opinion No. O-4940

Re: The authority of the Secretary
of State to cancel a Notary
commission.

We acknowledge receipt of your letter as follows:

"We have received in this office a request
from Hon. Eugene F. Harrell to cancel Notary
Commission issued to A. L. Guest of Lamar County.
The reason for the request for cancellation is
an allegation by Judge Harrell that the said
A. L. Guest forged the name of affiants to two
affidavits. The affidavits thus allegedly forged
are in my possession now.

"The Constitutional Amendment altering the
manner of appointment of Notaries Public failed
to provide for a manner of cancellation. Under
the original manner of appointment, the Notary
being commissioned by the Governor and confirmed
by the Senate, it was necessary that he be im-
peached as any other public officer.

"I am, therefore, requesting your opinion as
to the manner and form that a Notary Commission
may be rendered void, the question being, Does
the Secretary of State have authority to cancel
such Commission? If such authority is present,
is a trial or hearing necessary?"

Section 26, of Article IV, of the Constitution, as
amended November 5, 1940, is as follows:

"(a) The Secretary of State shall appoint
a convenient number of Notaries Public for each
county who shall perform such duties as now

are or may be prescribed by law. The qualifi-
cations of Notaries Public shall be prescribed
by law.

"(b) Nothing herein shall affect the
terms of office of Notaries Public who have
qualified for the present term prior to the
taking effect of this amendment.

"(c) Should the Legislature enact an
enabling law hereto in anticipation of the
adoption of this amendment, such law shall
not be invalid by reason of its anticipatory
character. Sec. 26, Art. IV, adopted election
Nov. 5, 1940."

Article 5949, of the Revised Civil Statutes, as
amended by the 47th Legislature, is as follows:

"The Secretary of State of the State of
Texas shall appoint a convenient number of
notaries public for each county. Notaries
public may be appointed at any time, but the
terms of all notaries public shall end on
June first of each odd numbered year. To be
eligible for appointment as notary public, a
person shall be at least twenty-one (21)
years of age and a resident of the county
for which he is appointed; provided, however,
that where such person resides within the
limits of any incorporated city, town, or
village located in two counties, said person
may be appointed notary public for either such
county."

It will thus be seen that a Notary Public is a
constitutional officer, under the State, with a definite,
fixed tenure, and as such he may not be removed from of-
fice except in some manner provided by law.

Article 5988, of the Revised Civil Statutes, pro-
vides that:

"Any Notary Public indicted for and con-
victed of any willful neglect of duty or of-
ficial misconduct shall be removed from of-
fice. The order for his removal shall in
each instance be embodied in the judgment of
the court."

Title 111, of the Revised Civil Statutes, covering QUO WARRANTO, provides for the removal of any officer whose acts by law work a forfeiture of his office. Other than these provisions, there appears to be no method of removal of a Notary Public.

Definitely, there appears to be no provision of law that the Secretary of State may cancel a Notary commission upon the request of anyone.

Moreover, we find no authority in any event exists in the Secretary of State to remove a Notary Public from office, or to cancel the commission previously issued to him.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  /s/ Ocie Speer

Ocie Speer
Assistant

OS-MR-EAC

APPROVED OCT 29, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

By B.W.B.
CHAIRMAN